# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| Laura Walton<br>RR1 Box 118<br>Birch Tree, MO 65438<br><br>    Plaintiff,<br><br>v.<br><br>GC Services, LP<br>c/o CT Corporation System<br>120 South Central Ave.<br>Clayton, MO 63105<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around January 29, 2009, Defendant sent Plaintiff a letter in which Defendant notified Plaintiff of Plaintiff's right to dispute the debt pursuant to 15 U.S.C. 1692g.

8. On or around February 2, 2009, Defendant telephoned Plaintiff's place of employment and spoke to Plaintiff's coworker.

9. During this communication, Defendant asked Plaintiff's coworker to give Plaintiff a message that Defendant had called.

10. On or around February 2, 2009, Plaintiff telephoned Defendant in response to the message referenced above

11. During this communication, Plaintiff notified Defendant that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

12. During this communication, Defendant threatened to contact Plaintiff's friends and family members about the debt unless Plaintiff called Defendant back that evening.

13. Despite Plaintiff's notice, Defendant telephoned Plaintiff at Plaintiff's place of employment twice on or around February 6, 2009.

14. On or around February 3, 2009, Plaintiff sent Defendant a letter via certified mail in which Plaintiff disputed and requested verification of the debt.

15. Defendant received Plaintiff's letter on or around February 9, 2009.

16. Despite receipt of Plaintiff's letter, Defendant sent Plaintiff a letter on or around February 24, 2009 without first providing verification of the debt as requested.

17. Despite receipt of Plaintiff's letter, Defendant sent Plaintiff a letter on or around March 24, 2009 without first providing verification of the debt as requested.

18. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

19. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692g by continuing its efforts to collect the debt without first validating the debt pursuant to Plaintiff's written request.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

29. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Timothy J. Sostrin
    Timothy J. Sostrin, Reg. # 1592956
    LEGAL HELPERS, P.C.
    233 S. Wacker
    Sears Tower, Suite 5150
    Chicago, IL 60606
    Telephone:  312-753-7576
    Fax: 312-822-1064
    Email:  tjs@legalhelpers.com
    Attorneys for Plaintiffs